UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ERNEST BILLIZONE                               CIVIL ACTION

VERSUS                                         NUMBER: 07-7492

JEFFERSON PARISH CORRECTIONAL                  SECTION: "L"(5)
CENTER, ET AL.

**REPORT AND RECOMMENDATION**

The above-captioned matter is a civil rights suit brought pursuant to 42 U.S.C. §1983 challenging the conditions of confinement allegedly existing at the Jefferson Parish Correctional Center ("JPCC") where the plaintiff, Ernest Billizone, was previously incarcerated. (See rec. doc. 99).

After the administrative stay and closure of this case had been lifted, plaintiff filed a motion to amend in which he sought to add an additional defendant herein one "Gene Loveitt" whose actual name is Jean Llovet. (Rec. docs. 117, 118). Because it appeared from a review of the record that plaintiff had previously been granted leave to add Llovet as an additional defendant but

that summons had not been issued at that time, by order dated October 11, 2011 the Court directed the Clerk to issue summons as to Llovet and to forward same to plaintiff at his residential address of record for service purposes. (Rec. doc. 121). A summons as to Llovet was issued and was mailed to plaintiff the following day along with an instructional letter from the Clerk's Office advising him that the Marshal's Service was available to effect service on his behalf pursuant to Rule 4(c)(3), Fed.R.Civ.Pro. (Rec. doc. 122).

In accordance with Local Rule 16.2, after over four months had passed a review of the record revealed that no service returns or waivers of service had been filed therein indicating that service had been properly made on defendant Llovet, the Court ordered plaintiff to show cause, in writing and on or before March 28, 2012, as to why his claims against that defendant should not be dismissed for failure to prosecute. (Rec. doc. 123). In response thereto, on March 28, 2012, plaintiff filed a "motion to show cause" in which he explained that on some unspecified date he himself had mailed a summons to defendant Llovet via U.S. Mail. (Rec. doc. 124, p. 3).

Rule 4(c)(2) of the Federal Rules of Civil Procedure provides that "[a]ny person who is at least 18 years old <u>and</u> <u>not</u> <u>a</u> <u>party</u> may serve a summons and complaint." (emphasis added). Rule 4(l)(1)

further provides that unless service is waived, proof of service must be made to the court in the form of an affidavit except for service that is effected by the Marshal.  Rule 4(m) additionally provides that "[i]f a defendant is not served within 120 days after the complaint is filed, the court- on motion or on its own initiative after notice to the plaintiff- shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service of an appropriate period."  The jurisprudence has come to expect strict compliance with the service rules within the one hundred twenty-day period prescribed by Rule 4(m) and its predecessor.  See, e.g., Lambert v. United States, 44 F.3d 296 (5th Cir. 1995); Peters v. United States, 9 F.3d 344 (5th Cir. 1993); McGinnis v. Shalala, 2 F.3d 548 (5th Cir. 1993), cert. denied, 510 U.S. 1191, 114 S.Ct. 1293 (1994); Trania v. United States, 911 F.2d 1155 (5th Cir. 1990).

It has now been nearly six months since summons was issued as to defendant Llovet and proof of proper service on that defendant is lacking.  The service that was purportedly attempted by plaintiff himself is invalid because he is a party to this suit.  Plaintiff cannot show good cause for these failures as he was specifically advised of the availability of the Marshal to effect

service on his behalf and he chose not to avail himself of that option for whatever reason. Lambert, supra. Accordingly, it will be recommended that plaintiff's claims against defendant Llovet be dismissed without prejudice pursuant to Rule 4(m), Fed.R.Civ.P.

### RECOMMENDATION

For the foregoing reasons, it is recommended that plaintiff's claims against defendant, Jean Llovet, be dismissed without prejudice pursuant to Rule 4(m), Fed.R.Civ.P.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this 12th day of April, 2012.

/s/ Alma L. Chasez
ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE

4